JOHN R. GIBSON, Circuit Judge,
concurring.
I concur in the affirmance of the conviction and sentences under appeal and concur in the court’s opinion.
I write separately only to underscore that nothing the court says today should be read by district judges as an unqualified approval of the Allen charge given in this case which made no reference to the burden of proof. This was one of the factors that led to a reversal in Potter v. United States, 691 F.2d 1275, 1278 (8th Cir.1982), although the instruction in Potter had at least three other substantive variations from the Allen charges that have been approved by courts of appeals. As the court recognizes, a general objection to the Allen charge was made, but after the instruction was read omitting the third paragraph, appellants concede that further specific objection was not made. Thus, with respect to the contents of the instruction and the omission of the language concerning burden of proof, the court’s review today is only for plain error. The burden of proof was referred to nine times in the instructions given to the jury at the conclusion of the evidence.
The central issue argued by appellant is the coercive effect of the instruction and, as the court holds today, under the record before us there was no coercion.